The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CHARLES EDWARD MAIER AND | ) | CASE NO. 07-62130 |
| CAROLYN JUNE MAIER, | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

On January 5, 2011, Debtors filed a modification to discontinue payments to their unsecured creditors. The trustee objected to the modification. The court conducted a hearing on March 9, 2011, attended by Toby L. Rosen, chapter 13 trustee ("Trustee") and John H. Hornbrook, counsel for Debtors.

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Debtors filed a joint chapter 13 case in July 2007. At filing, they earned above-median incomes. Their plan was confirmed on December 13, 2007. Under its terms,[1] Debtors had to contribute a minimum of $32,400, the chapter 7 value. Debtors proposed to pay $900 per month for 60 months. Although the plan provided for Trustee to make payments on the second mortgage, the secured creditor did not file a proof of claim. As a result, Trustee is paying only administrative and unsecured claims. Excluding Trustee's poundage, the administrative expenses are paid in full.

At the time of filing, Debtors' monthly net income was $4,018 and their expenses were $3,118. Debtors have one dependent, a daughter aged eighteen at the time of filing.

In May 2010, Mrs. Maier was laid off from her job. Although she received unemployment benefits, Debtors' income declined.

In September 2010, Debtors filed amended schedules I and J. At that point, they listed income of $3,279 and expenses of $2,379. Their daughter is still listed as an eighteen year old dependent.

Debtors have not made payments since October 2010 and are delinquent. A motion to dismiss is pending.

Debtors filed a modification on January 5, 2011 to stop further payments to the unsecured creditors. Trustee objected, arguing that Debtors had the ability to continue to make payments. Debtors filed new schedules I and J in March 2011. The latest schedules indicate Debtors earn $3,136 per month net and have expenses of $3,136.[2] As a result, they show no ability to fund a plan. If the modification is approved, Debtors will not have to make any payments to Trustee.

## LAW AND ANALYSIS

Pettiness abounding, the parties have raised multiple issues. All will be addressed.

The matter before the court is the modification filed on January 5, 2011. Although Trustee's motion to dismiss, filed on January 3, 2011 is pending, and was set for hearing with Debtors' modification in March 2011, the hearing primarily focused on the modification. The briefing schedule pertained to only the modification. The court finds the motion to dismiss was shelved pending the outcome of the modification.

---

[1] The court incorporates the agreed order resolving Trustee's objection to confirmation into the "terms" of the confirmed plan.

[2] Debtors' daughter is listed as an 18 year old dependent.

2

Consequently, the motion to dismiss will not be considered at this time.

Debtors' modification proposes to stop further distribution to unsecured creditors.[3] In their brief, however, Debtors argue that the question is whether Debtors can shorten the applicable commitment period. This is not the issue presented to the court in the modification. Debtors did not seek to modify the plan to reduce the term, they sought to stop further payments to unsecured creditors.

The court acknowledges the overlap in the issues. Since all other allowed claims have been paid in full, only the unsecured creditors remain. If the percentage is reduced to zero, Debtors will not have no one to pay. Debtors' position is based on the perception that reducing the applicable commitment period is the logical progression of their modification. The court disagrees. The natural understanding of Debtors' modification is that they cannot currently make plan payments. It does not follow that they may not be able to make further plan payments during their commitment period. Consequently, requesting a reduction, even to the point of cessation, in payments does not automatically result in truncation of the term of the plan. The court's determination will be limited to the payment issue.

Since filing her objection, Trustee has consistently argued that Debtors have "sufficient disposable income to require plan payments in some amount even after the unemployment of Mrs. Maier." (Trustee's Brief at 1.) At the hearing, Trustee specifically referenced Debtors itemization for $200 in miscellaneous expenses and $250 for clothing. This position is reiterated in her brief.

Trustee's position is not well-taken. When the case was filed, Debtors' Schedule J included the exact expenses Trustee now challenges. No objection was raised to the expenses in 2007, making Trustee's objection to the modification disingenuous.

Debtors' hands, however, are not clean. In September 2010 they filed an amended Schedule J to reduce their expenses from $3,118 to $2,379 in light of Mrs. Maier's unemployment. At the time of the amendment, Debtors may not have met the chapter 7 value of their plan. Based on information from bankruptcylink.com, it appears Debtors have managed to just clear this hurdle. Now, they filed a second amended Schedule J to increase payments to $3,136. Basically, what Debtors are saying is that they were willing to exercise austerity to meet the minimum required of this case, the chapter 7 liquidation value, but are no longer willing to continue the sacrifice to pay prepetition unsecured creditors. While Trustee may be disingenuous, Debtors are not guileless.

Looking at the most recent Schedule J, the court notes the addition of two expenses which were not on either of the previous filings: $13.00 for recreation expenses and $200.00 in taxes. There is nothing before the court to justify the addition of either of these expenses to the budget. Debtors can fund the plan with this $213.00.

---

[3] Reducing the future percentage to zero is the equivalent of ceasing to provide a further dividend to unsecured creditors.

3

07-62130-rk    Doc 60    FILED 05/11/11    ENTERED 05/11/11 10:54:11    Page 3 of 4

As a final matter, Debtors allege that Trustee's motion to extend the briefing schedule was somehow nefarious. The court does not know what conversation transpired between the parties as to the reason for the briefing extension. What is clear is that the motion referenced the provision of additional documentation by Debtors and the order identified the documents Trustee wanted. Mr. Hornbrook signed the order and cannot now claim to be surprised or deem a "foul" in Trustee's request. Debtors have no grounds for noncompliance.

The court does not find Trustee's request for documentation to be unseemly. Debtors filed an amended I and J on March 7, 2010, two days prior to the hearing. The hearing was scheduled for March 9, 2011 at 2:00 p.m. At 3:16 p.m. on the day of the hearing (one hour and sixteen minutes after the scheduled time of the hearing), Debtors again amended Schedule J to reduce their expenses $200. It is not unreasonable to seek information on changes which occurred after the hearing.

An order in accordance with this opinion will be issued immediately.

#   #   #

**Service List**:

Toby L. Rosen
Charter One Bank Building, 4th Floor
400 W. Tuscarawas St.
Canton, OH 44702

John H Hornbrook
1400 N Market Ave
Canton, OH 44714-2608

4